UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TODD A. LEWIS,

    Plaintiff,

v.

PRETIUM PACKAGING, L.L.C.,

    Defendant.

No. 14 C 6444
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff Todd A. Lewis ("Plaintiff") alleges that his termination from the employment of Defendant Pretium Packaging, L.L.C. ("Defendant" or "Pretium") violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Before the Court is Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. For the following reasons, Defendant's Motion is granted.

## I. BACKGROUND

Plaintiff Todd Lewis was hired as a Maintenance Mold Shop Tech at Pretium's manufacturing plant in Peru, Illinois on July 25, 2012. In February 2013, Pretium received a call from Shawn Anderson, whose wife Tasha Anderson worked at the Peru plant alongside Plaintiff. Shawn Anderson alleged that his wife had exchanged text messages containing sexual content with a Peru plant supervisor, Martin Gropp ("Gropp"), and that Gropp and Tasha Anderson had been surreptitiously seeing each other and engaging in a sexual relationship outside of work. Shawn Anderson told Pretium's vice president, Timothy Wehrfritz ("Wehrfritz"), that Tasha Anderson had confided in one of her co-workers by the name of "Justin."

On February 14, 2013, Wehrfritz interviewed several employees at the Peru plant to

1

investigate the allegations of inappropriate conduct on Gropp's part. Plaintiff was among the employees interviewed because, according to Wehrfritz, another employee had told Wehrfritz that Tasha Anderson was frequently in the "smoke room" with Plaintiff. During Plaintiff's interview, Wehrfritz informed him that he was not in any trouble and if he were threatened or harassed as a result of speaking with Wehrfritz, he should contact Wehrfritz immediately. Plaintiff never complained to anyone at Pretium about witnessing any discrimination or harassment.

In his conversation with Wehrfritz, Plaintiff reported that he had no knowledge of any text messages between Tasha Anderson and others at the plant. Plaintiff described Tasha Anderson as a flirtatious woman who spoke frequently and openly about sex, and said that she had a bad marriage and a protection order against her husband. The same day as his interview with Plaintiff, Wehrfritz also interviewed Pretium employee Justin Lewis, who gave a less graphic but otherwise consistent account of Tasha Anderson's sexually oriented comments and described her as flirtatious and "quite loose."

Following interviews with other employees and Gropp himself, Wehrfritz concluded that Gropp had engaged in inappropriate conduct with Tasha Anderson but that he did not violate Pretium's Anti-Harassment and Non-Discrimination Policy. Gropp was suspended without pay for two weeks in February 2013.

At some point after the internal investigation in which Wehrfritz interviewed Plaintiff, Plaintiff's overtime hours were reduced. On April 18, 2013, Plaintiff was terminated. According to Pretium, his position was eliminated as a cost saving measure. No one has been hired at the Peru plant to fill the position of Maintenance Mold Shop Tech since Plaintiff's termination. On August 19, 2013, Plaintiff filed a Charge of Discrimination ("the EEOC claim") with the Equal

Employment Opportunity Commission ("EEOC"), claiming that his termination was retaliation for his participation in "an internal investigation." The EEOC granted Plaintiff a Notice of Right to Sue on April 7, 2014, which stated in part that any lawsuit "must be filed within 90 days of your receipt of this Notice; or your right to sue based on this Charge will be lost." In addition to the EEOC claim, Plaintiff filed the same claim ("the IDHR claim") with the Illinois Department of Human Resources, which cross-filed a charge with the EEOC. He therefore received a second Notice of Right to Sue from the EEOC based on the IDHR claim on June 9, 2014. Plaintiff filed this action in federal court on August 20, 2014, 135 days after the first Notice of Right to Sue was issued and 72 days after the second Notice of Right to Sue was issued.

## II. LEGAL STANDARD

### A. Summary Judgment

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To determine whether any genuine fact issue exists, the court must assess the proof as presented in the record, including depositions, answers to interrogatories, admissions, and affidavits, to view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Fed. R. Civ. P. 56(c); *Scott v. Harris,* 550 U.S. 372, 378 (2007). The court may not weigh conflicting evidence or make credibility determinations. *Omnicare, Inc. v. UnitedHealth Grp., Inc.,* 629 F.3d 697, 704 (7th Cir. 2011). If a claim or defense is factually unsupported, the court should dispose of it at the summary judgment stage. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91

L.Ed.2d 265 (1986). The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Id.* at 323, 106 S.Ct. 2548. In response, the non-moving party cannot rest on bare pleadings but must designate specific material facts showing there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. 2548; *Insolia v. Philip Morris Inc.,* 216 F.3d 596, 598 (7th Cir.2000).

**III. DISCUSSION**

Defendant claims that Plaintiff's Title VII claim is untimely filed and time-barred because it was filed more than 90 days after the EEOC's first Notice of Right to Sue was issued on April 7, 2014. As Defendant correctly points out, the 90-day window is a statutory requirement under Title VII 42 U.S.C. § 2000e-5(f)(1). Plaintiff contends that the claim is not time-barred because he filed within the 90-day window after the second Notice of Right to Sue based on the IDHR claim was issued on August 20, 2014. Plaintiff seems to believe that the IDHR filing tolled and reset the filing period triggered by the EEOC claim, but this is not the case. Moreover, Plaintiff does not deny that he received the Notice of Right to Sue from the EEOC, although he does not remember giving his lawyer the April 7, 2014 notice. It is not disputed that the first notice was sent to the same address at which Plaintiff successfully received the second notice. Without a clear denial from Plaintiff that he received this communication from the EEOC, I must assume that he did receive the notice and the filing period began on April 7, 2014.

Plaintiff also argues that even if the tolling period began on April 7, 2014, he is entitled to equitable tolling because he does not remember receiving the first notice and there is a material issue of fact as to whether that notice ever actually reached him. Equitable tolling is a rarely granted form of relief. It is available only when the plaintiff is unable to bring a timely

4

claim due to circumstances beyond the plaintiff's control, such as the wrongful conduct of another party. *See Jones v. Res-Care*, 613 F.3d 665 (7th Cir. 2010); *Hillman Health Center v. Abbott Labs.*, 782 F.3d 922, 930-31 (7th Cir. 2015). Here, Plaintiff has presented no such evidence. There is no meaningful evidence that the April 7, 2014 notice did not reach Plaintiff. Likewise, Plaintiff does not claim that Defendant, the EEOC, or any other party wrongfully interfered with his ability to file this lawsuit in a timely manner. Any errors or confusion on Plaintiff's part regarding the filing deadline may well have been sincere, but they do not merit the extraordinary remedy of equitable tolling.

Because the timeliness question here is dispositive, I need not examine Pretium's other arguments that Plaintiff cannot cite protected activity under Title VII and that Plaintiff cannot establish a prima facie case of retaliation. I do not decide those arguments one way or the other.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted and the case is dismissed.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: June 1, 2016